UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
MIRIAM GOTTLIB on behalf of herself
and all other similarly situated

Plaintiff,

-against-

APEX FINANCIAL MANAGEMENT, LLC

Defendant.
-----------------------------------------------------------

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★  MAR 1 6 2012  ★

LONG ISLAND OFFICE

**CV 12 - 1330**

TOWNES, J.
MANN, M.

### CLASS ACTION COMPLAINT

#### *Introduction*   **SUMMONS ISSUED**

1. Plaintiff seeks redress for the illegal practices of Apex Financial Management,
   LLC concerning the collection of debts, in violation of the Fair Debt Collection
   Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA"). And the Telephone
   Communications Privacy Act.

#### *Parties*

2. Plaintiff is a citizen of the State of New York and resides in this District.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the
   FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a
   consumer debt purportedly owed to Equable Ascent Financial, LLC.

4. Upon information and belief, Apex Financial Management, LLC. is an Illinoi
   corporation which maintains an office for collection of debts in Buffalo Grove,
   Illinois.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly
   owed by consumers.

1

6.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §
      1692(a)(6).

### *Jurisdiction and Venue*

7.    This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28
      U.S.C. § 1331.

8.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and
      transactions that give rise to this action occurred, in substantial part, in this
      district. Venue is also proper in this district since the defendant transacts business
      in this district and the collection letter was sent into this district.

### *Allegations Particular to Miriam Gottlib*

9.    On information and belief, on a date better known by defendant, defendant began
      attempting to collect an alleged consumer debt from the plaintiff.

10.   On or about January 12, 2012 defendant sent the plaintiff a collection letter
      seeking to collect a balance allegedly incurred for personal purposes.

11.   Said letter states in pertinent part as follows: ..."We have made repeated attempts
      to resolve your account currently owned by Equable Asset Financial, LLC. on a
      voluntary basis, these attempts have been unsuccessful. As a result of your failure
      to resolve your fiscal obligation to Equable Asset Financial, LLC. On a voluntary
      basis, you leave us no recourse to resolve this debt except through involuntary
      means...A suit investigation has been conducted on this account, and the account
      has been deemed suit worthy. Our client has informed us that we are able to return
      the account to it so that it can be forwarded to an attorney, unless payment in full

2

is made on your account with our office within 30 days of the date of this correspondence."

12. Said language leads the "least sophisticated consumer" to believe that legal action will be taken to ensure payment of the debt.

13. The letter in itself is contradictory, as the front part of letter indicates that the account is "suit worthy" whereas the back of the letter states: "Based upon our records, this debt may be too old to enforce in a lawsuit." This constitutes a false threat of litigation. Even to the sophisticated consumer this letter is on its face inaccurate, deceptive and is reasonably read to have two or more different meanings, one of which is false.

14. Any debtor would be misled or deceived by that inconsistency of the front and back of the said letter

15. Upon information and belief the original creditor had no intention of taking legal action.

16. Upon information and belief, at the time of the sending of the January 12, 2012 letter, the defendant had no authorization from the underlying creditor to continue taking further actions to ensure that the underlying creditor is paid.

17. The language at issue contradicts the plaintiff's rights.

18. Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 25 (2d Cir. 1989). (Because the collection notice was reasonably susceptible to an inaccurate reading, it was deceptive within the meaning of the Act)

   Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993).

3

(collection notices are deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate)

Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. N.Y. 1996)

(a collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate.

The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under § 1692e(10) of the Act.)

Campuzano-Burgos v. Midland Credit Mgmt., Inc., 550 F.3d 294 (3d Cir. 2008).

(The court summarized the law of deception under the least sophisticated consumer standard: A communication is deceptive for purposes of the Act if: "it can be reasonably read to have two or more different meanings, one of which is inaccurate". This standard is less demanding than one that inquires whether a particular debt collection communication would mislead or deceive a reasonable debtor)

Dutterer v. Thomas Kalperis Int'l, Inc., 2011 WL 382575 (E.D. Pa.Feb. 4, 2011).

(A communication that could be "reasonably read to have two or more different meanings, one of which is inaccurate," is considered deceptive.)

Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008).

(It is a remedial statute that we 'construe . . . broadly, so as to affect its purpose.' " Communications are to be analyzed under the least sophisticated debtor

4

standard. A debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate.)

Smith v. Harrison., 2008 WL 2704825 (D.N.J. July 7, 2008).

(A debt collection letter ''is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate.'')

Brown v. Card Serv. Ctr., 464 F.3d 450 (3d Cir. 2006)

FDCPA is remedial, strict liability statute to be liberally construed. Communications from collectors to debtors are analyzed from the perspective of the least sophisticated consumer. A debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate.

Holmes v. Mann Bracken, L.L.C., 2009 WL 5184485 (E.D. Pa.Dec. 22, 2009). Where defendant sent the communication knowing that the contents could be ''deceptive'' because such communication could have ''two or more different meanings, one of which is inaccurate,'' the court denied defendant's motion for summary judgment.

Reed v. Pinnacle Credit Servs., L.L.C., 2009 WL 2461852 (E.D.Pa. Aug. 11, 2009). (Objective least sophisticated consumer standard applies. Thus, where there are two possible meanings to a communication, one of which is inaccurate, the least-sophisticated consumer could be misled or deceived by that inconsistency.)

Mushinsky v. Nelson, Watson & Assoc., L.L.C., 642 F. Supp. 2d 470 (E.D. Pa. 2009). A collection letter is deceptive if it can reasonably have two meanings, one of which is inaccurate.

Dutterer v. Thomas Kalperis Int'l, Inc., 2011 WL 382575 (E.D. Pa. Feb. 4, 2011). A notice that could be ''reasonably read to have two or more different meanings, one of which is inaccurate,''

Dutton v. Wolhar, 809 F. Supp. 1130 (D. Del. 1992) ("least sophisticated debtor is not charged with gleaning the more subtle of the two interpretations" of a collection notice)

19.    The initial letter which was dated on October 18, 2011 is also deceptive and denies the plaintiff his dispute and verification rights, since on the back of the letter it states:  "Based upon our records, this debt may be too old to enforce in a lawsuit."

20.    Said language leaves the consumer to be confused if he should in fact utilize his verification rights.

21.    Defendant's letter is in violation of 15 U.S.C. §§ 1692g, 1692e(5) and 1692e(10) for failing to accurately set forth the dispute and verification rights and for engaging in deceptive and falsely threatening practices.

22.    The defendant, a foreign Delaware LLC, filed an application for authority to do business in New York with the New York Department of State on or about December 22, 2003. The Dept of corporations in New York confirmed that as of February 27, 2012, Apex Financial Management, LLC has not filed any affidavits

or certificate of publication which leads them to be suspended from doing business in New York.

23. Foreign LLC's are required to publish their formation, and file proof of publication of their LLC within 120 days of the filing of their application for authority.

24. At the time of Plaintiff's commencement of the action against Defendant, Defendant has failed to publish, and has failed to file any certificate of publication and/or failed to file any sort of proof or affidavit of publication, as required.

25. Pursuant to the New York Limited Liability Company Law, failure to file the certificate of publication results in suspension of authority to do business in New York State, and a prohibition of bringing any legal proceedings in New York State during the period of noncompliance.

26. At the time of Plaintiffs commencement of the action against Defendant, Defendant's authority to do business had been suspended.

27. During the period of noncompliance, Defendant was prohibited from conducting business in New York State.

28. At the time of the mailing of the collection letters, Defendant's authority to do business had been suspended.

29. The least sophisticated consumer is unlikely to search and/or to have the ability or knowledge to search Department of State records to determine whether Defendant's authority to do business is suspended.

30. Doing business in New York when Defendant's authority to do business had been suspended violates 15 U.S.C. §§1692, 1692e, 1692e(2)(a), 1692e(5), 1692e(10),

1692f.

31. Section 1692e provides: § 1692e. False or misleading representations.

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of-

(A) the character, amount, or legal status of any debt;

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt ........

§ 1692f.

Unfair Practices: A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

32. Defendant violated the above provisions of the statute because they had no right to collect this debt.

33. Defendant's activities in collecting this debt were deceptive, misleading and/or false.

34. Defendant's collection techniques involved asking consumers to pay debts when they had no legal ability to ask for payment.

35. Defendant did not inform the consumer that the debt owed was to a defendant which had no authority to do business in New York and/or that Defendant had no right to collect any money or to sue in New York.

36. Any judgment obtained during Defendant's period of noncompliance is a

8

nullity and of no legal force or effect.

37. The conduct of Defendant in collecting and attempting to collect monies owed when it was not allowed to pursuant to the New York Limited Liability Law constitutes deceptive or materially misleading activity that is directed at consumers and the public at large and caused consumers to suffer financial injuries of having increased debt and having money extracted from them.

38. As a result of the unlawful collection activity which the defendant engaged in, plaintiff is entitled to damages pursuant to GBL §349 of $6,388.94 which is actual damages.

39. On many occasions within the past year defendant made 13 calls to an unauthorized wireless number belonging to plaintiff.

40. On or about January 12, 2012, Tony Gerbasi from Apex Financial Management, LLC called and spoke to a third party and asked that a message be relayed to plaintiff, Miriam Gottlib to please call Tony Gerbasi from Apex at 1800 419 1774 ext 131 regarding an Apex personal business matter.

41. On January 18, 2012 Tony Gerbasi from Apex Financial called again and asked the third party to please tell Miriam to call him at 1800 419 1774 ext 131.

42. (a complaint alleging that debt collector telephoned plaintiff's neighbor leaving collector's name and telephone number and asking the neighbor to have plaintiff return call stated a claim for violation of Section 1692c(b) Romano v. Williams & Fudge, Inc., 644 F. Supp. 2d 653 - Dist. Court, WD Pennsylvania 2008 quoting West v. Nationwide Credit,Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998.

(holding that § 1692c(b) does not prohibit only those third-party communications in which some information about the debt is actually disclosed, because that reading would render § 1692b superfluous Thomas v. Consumer Adjustment Co., Inc., 579 F. Supp. 2d 1290 - Dist. Court, ED Missouri 2008 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998

(All provisions of the statute must be considered and each term must be interpreted equally, so as not to deflect from the meaning of the statute...Specifically, as to 15 U.S.C. § 1692, every clause and word must be given force and § 1692c(b) should be broadly interpreted to prohibit a debt collector from conveying any information to a third party that concerns a debt (except for the purpose of obtaining location information as permitted under § 1692b) Blair v. SHERMAN ACQUISITION, Dist. Court, ND Illinois 2004 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998

("`Other than to obtain location information, a debt collector may not contact third persons such as a consumer's friends, neighbors, relatives, or employer. Such contacts are not legitimate collection practices and result in serious invasions of privacy, as well as the loss of jobs.'" from West v. Nationwide Credit, Inc., 998 F. Supp. 642, 645 n.2 (W.D.N.C. 1998) (quoting S. Rep. No. 95-382, reprinted at 1977 U.S. Code & Admin. News 1695, 1699) Mathis v. OMNIUM WORLDWIDE, Dist. Court, D. Oregon 2006 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998

(contact with a third party that did not involve an inquiry into Plaintiff's location

information, but rather, revealed that Plaintiff had a "business matter." stated a claim under § 1692c (b) finding that the plaintiff's allegation that the defendant contacted a third party to relay about a "very important" matter regarding the plaintiff . Plaintiff sufficiently stated claims under §§ 1692b, 1692c (b), and 1692d Krapf v. COLLECTORS TRAINING INSTITUTE OF ILLINOIS, INC., Dist. Court, WD New York 2010 quoting West v. Nationwide Credit, Inc., 998 F.Supp. 642, 643-45 (W.D.N.C. 1998)

And finally the famous Foti v. NCO which gave the name to the now all common FOTI claim already quoted in almost all circuits as a FOTI claim - TO DATE OVER 40 COURTS HAVE ADOPTED FOTIS DEFINITION OF INDIRECT COMMUNICATION - Judge Karas in foti based his reasoning on West v. Nationwide Credit In Judge Karas own words in Foti ("In West v. Nationwide Credit, 998 F.Supp. 642, 644 (W.D.N.C.1998), the court rejected a narrow interpretation of the word "communication," similar to that advanced by NCO in this case. The plaintiff in West alleged that defendants violated § 1692c(b) by contacting plaintiffs neighbor.

Defendants argued that a debt collector's phone call informing a neighbor that he had a "very important" matter to discuss did not violate § 1692c(b) because no information was actually conveyed about plaintiffs debt. The West court rejected this narrow interpretation of "communication" in favor of a broader interpretation. Id. at 644.

In reaching this conclusion, the West court noted that "[i]n interpreting the meaning of a statute, it is well settled that `[t]he "plain meaning" of statutory language controls its construction,'" and went on to examine the dictionary definitions of "regarding." Id. (quoting 657*657 Summit Inv. & Dev. Corp. v. Leroux, 69 F.3d 608, 610 (1st Cir.1995)).

11

In particular, the court noted: "Webster's Ninth New Collegiate Dictionary (1st ed.1983) defines the term `regard' as, inter alia, `to relate to,' while it provides the following definition of the term `regarding': `with respect to: concerning.'" Id.

"Based on these definitions, the court believes the ordinary meaning of the term `regarding' is consistent with the broader interpretation advocated by Plaintiff." Id. This conclusion has been embraced by other courts as well in the context of applying § 1692c(b). See, e.g., Henderson, 2001 WL 969105, at *2 (rejecting defendant's argument that letter sent to employer seeking information about whether plaintiff was employed, her wage scale, her type of employment, the full name of her employer, and if terminated, the name of her present employer, did not violate § 1692c(b) because it did not suggest a debt collection purpose). Thus, given the choice of language by Congress, the FDCPA should be interpreted to cover communications that convey, directly or indirectly, any information relating to a debt, and not just when the debt collector discloses specific information about the particular debt being collected. Indeed, a narrow reading of the term "communication" to exclude instances such as the present case where no specific information about a debt is explicitly conveyed could create a significant loophole in the FDCPA, allowing debtors to circumvent the § 1692e(11) disclosure requirement, and other provisions of the FDCPA that have a threshold "communication" requirement, merely by not conveying specific information about the debt.

In fact, under Defendant's interpretation of "communication," a debt collector could call regularly after the thirty-day validation notice is sent, and not be subject to § 1692e(11)'s requirement so long as the message did not convey specific information about the debt. Such a reading is inconsistent with 658*658 Congress's intent to protect consumers from "serious and widespread" debt

12

collection abuses.

Foti v. NCO Financial Systems, Inc., 424 F. Supp. 2d 643 - Dist. Court, SD New York 2006 Krug v. Focus Receivables Mgmt., LLC, 2010 U.S. Dist. LEXIS 45850 (D.N.J. May 11, 2010) (same)

Holding that under § 1692c(b), a collector may not communicate with a third party "in connection with the collection of any debt" except to obtain location information as provided in § 1692b. To violate § 1692b. the third party communication need only be "in connection with the collection of a debt;" it need not expressly mention the debt or debt collection as "communication" includes conveying information about a debt "indirectly." 15 U.S.C. § 1692a(2). Henderson v. Eaton, 2001 U.S. Dist. LEXIS 13243 (E.D. La. Aug.23, 2001) quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 (W.D.N.C.1998).Henderson v. Eaton, 2002 U.S. Dist. LEXIS 274 (E.D. La. Jan. 2, 2002). FDCPA class action certified

Finding that a phone call to a debtor's neighbor that the defendant had a "very important" matter to address was "regarding a debt" because the content of the phone call was "with respect to" the defendant's efforts to collect on plaintiff's alleged arrearage. Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 (W.D.N.C.1998)

Finding that the messages left by the defendant constituted "communications" even though they did not technically mention any information about the debt and stated a claim under § 1692c(b) since it was not left for the purpose of obtaining location information which is the only communication with third parties

permissible under the FDCPA) quoting ); West v. Nationwide Credit, Inc., 998 F. Supp. 642, 644-45 (W.D.N.C. 1998); also quoting Belin v. Litton Loan Servicing, LP, 2006 U.S. Dist. LEXIS 47953, 2006 WL 1992410 at *4 (M.D. Fla. July 14, 2006) (finding that the message was a communication under the FDCPA even though it was not disclosed that it came from a debt collector where the name of the company was referenced, directions to return the call were given, and the purpose of the message was to induce the debtor to return the call) Wideman v. Monterey Fin. Servs., 2009 U.S. Dist. LEXIS 38824

The consumer adequately alleged that defendant contacted a third party in violation of § 1692c(b) since the defendant's inquiry went beyond the boundaries of location information. A debt collector may not seek\ additional information about a consumer, because such information is beyond the scopeof location information.
Shand-Pistilli v. Professional Account Servs., Inc., 2010 WL 2978029 (E.D. Pa. July 26, 2010)

A "communication" need not refer to the debt."
Gburek v. Litton Loan Servicing LP, 614 F.3d 380 (7th Cir. 2010).

(finding that the telephone message at issue, which referenced an "important" matter, contained information regarding a file number and whom to contact, and was left for the purpose of collecting the debt, indirectly conveyed information concerning the debt and, therefore, met the statutory definition of a "communication"); Edwards v. Niagra Credit Solutions, Inc., 586 F. Supp. 2d 1346, 1350-51 (N.D. Ga. 2008)

(finding that the message was an indirect communication regarding the plaintiff's debt where it conveyed pertinent information including the fact that there was a matter he should attend to and instructions on how to do so) Ramirez v. Apex Financial Management, LLC, 567 F. Supp. 2d 1035, 1041 (N.D. Ill. 2008)

(finding that the messages left by the defendant constituted "communications" even though they did not technically mention specific information about the debt) Hosseinzadeh v. M.R.S. Associates, Inc., 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005)

(finding that the message was a communication under the FDCPA even though it was not disclosed that it came from a debt collector where the name of the company was referenced, directions to return the call were given, and the purpose of the message was to induce the debtor to return the call) Belin v. Litton Loan Servicing, LP, 2006 U.S. Dist. LEXIS 47953, 2006 WL 1992410 at *4 (M.D. Fla. July 14, 2006)

The only exception in the FDCPA which permits a debt collector to contact third parties is to obtain: "location information about the consumer." 15 U.S.C. § 1692b On its face, a communication to someone other than those enumerated in the statute, and which offers or seeks information not limited to "location information." would be unlawful. (class and adoption of denial of motion to dismiss), 1998 U.S.Dist. LEXIS 19647 (C.D.Ill., May, 29, 1998) (Magistrate Judge's denial of motion to dismiss). Shaver v. Trauner , 97-1309, 1998 U.S.Dist. LEXIS 19648 (C.D.Ill., Jul. 31, 1998).

43. On October 24, 2011, defendant called and left a message for the plaintiff which was heard by a third party, Miriam's brother in law.

44. Edwards v. Niagara Credit Solutions, Inc., 584 F. 3d 1350 - Court of Appeals,

11th Circuit 2009,(explaining that the FDCPA does not guarantee debt collectors the right to leave answering machine messages)

Foti v. NCO Financial Systems, Inc., 424 F. Supp. 2d 643 - Dist. Court, SD New York 2006 (found that debt collectors who use automated messages do so at the peril of violating the FDCPA, either by not leaving enough information for the debtor in violation of §§ 1692d(6) and 1692e(11), or by leaving too much information for a possible third party in violation of § 1692c(b)

Debt collectors . . . should use other means to collect, including calling and directly speaking with the consumer or sending appropriate letters) Leahey v. Franklin Collection Serv., Inc., 756 F. Supp. 2d 1322, 1327 (N.D. Ala. 2010) (Defendant's motion to dismiss denied.

 "This court agrees that a third party, or the debtor in the presence of a third party, continuing to listen to the message in spite of the warning does not qualify as prior consent directly to the debt collector as required by §1692c(b).")Berg v. Merchs. Ass'n Collection Div., 586 F. Supp. 2d 1336, 1341 (S.D. Fla. 2008) (Debt collectors have no entitlement to use automated messages to reach debtors, and courts have no obligation to harmonize different provisions of the FDCPA so that debt collectors may use an inherently risky method of communication ... the FDCPA specifically requires that prior consent for third party communication be given directly to the debt collector by the consumer A third party, or the debtor in the presence of a third party, continuing to listen to the message in spite of the warning does not qualify as prior consent directly to the debt collector... we follow reasoning similar to Foti to find no reason that a debt collector has an entitlement to use this particular method of communication. Debt collectors have other methods to reach debtors including postal mail, in person contact, and speaking directly by telephone. ) FTC v. Check Enforcement., No. Civ. A. 03-2115, 2005 WL 1677480, at *8 (D.N.J. July 18, 2005)

16

(leaving messages on the debtor's home answering machines, heard by third parties, was a violation of § 1692c(b)) defendants left messages on home answering machines, which were overheard by family members and other third parties, Thus, defendants have in fact engaged in prohibited communications with third parties in violation of Section 805 of the FDCPA.) ZORTMAN v. JC CHRISTENSEN & ASSOCIATES, INC., Dist. Court, Minnesota 2011 (the court found an FDCPA violation where a pre-recorded message containing debt information was left on a debtor's voicemail and overheard by the debtor's family members and neighbors Because the FDCPA is a strict liability statute that explicitly includes an intent element when required, a plaintiff need not plead deliberate or purposeful disclosure to third parties to state a claim under § 1692c(b)) Cordes v. FREDERICK J. HANNA & ASSOCIATES, PC., Dist. Court, Minnesota 2011, ( - Plaintiff alleged that Defendant violated the "FDCPA" by leaving multiple messages on her home voicemail that were overheard by others The Court granted her motion. Reaffirming the zortman decision - Where Congress wanted to include an intent element as part of an FDCPA violation, it has done so explicitly and the FDCPA is a strict-liability statute, "which conflicts with requiring deliberate or purposeful intent ("The FDCPA, including § 1692c(b), is a strict liability statute and therefore does not require a showing of intentional conduct on the part of a debt collector to give rise to liability.").

In addition the term "communicate" does not focus on the intended recipient, but rather turns on whether the speaker "shares with or conveys information to another" one may communicate with an unintended audience (defining "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium.

17

Finally the FDCPA's "bona fide error defense" was inconsistent with a requirement that a debt collector purposefully or intentionally communicate with a third party in order to be held liable <u>Gryzbowski v. IC System, Inc.</u>, 691 F. Supp. 2d 618 - Dist. Court, MD Pennsylvania 2010 (Debtors have other methods to reach debtors including postal mail, in-person contact, and speaking directly by telephone.) <u>Carman v. CBE GROUP, INC.</u>, Dist. Court, D. Kansas 2011. (under the FDCPA, a debt collector has no right to leave a message and in fact, risks violating either §§ 1692d(6), 1692e(11) or 1692c(b) if it does so) <u>Chalik v. Westport Recovery Corp.</u>, 677 F. Supp. 2d 1322 - Dist. Court, SD Florida 2009 (FDCPA did not guarantee debt collector right to leave answering machine messages)<u>Mark v. JC CHRISTENSEN & ASSOCIATES, INC.</u>, Dist. Court, Minnesota 2009.

(The Court has no authority to carve an exception out of the statute just so [the defendant] may use the technology they have deemed most efficient.. . . [The defendant] has been cornered between a rock and a hard place, not because of any contradictory provisions of the FDCPA ,but because the method they have selected to collect debts has put them there).

45. Defendant caused plaintiff to incur charges for defendant's collection communications when plaintiff had no reason to know the communication's purpose.

46. Defendant called plaintiff's wireless phone number and plaintiff was charged a toll on all those incoming calls. Plaintiff was not alerted to the calls beforehand.

47. The said telephone messages are in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(5)."

18

## AS AND FOR A FIRST CAUSE OF ACTION

***Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of herself and the members of a class, as against the defendant.***

48.   Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-27 as if set forth fully in this Cause of Action.

49.   This cause of action is brought on behalf of plaintiff and the members of four classes.

50.   Class A consists of consumers who received the same form letter, as did the plaintiff.

51.   Class A consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about January 12, 2012 sent within one year prior to the date of the within complaint concerning Equable Ascent Financial, LLC.  (b) the collection letter was sent to a consumer seeking payment of a consumer debt; and (c) the collection letter was not returned by the postal service as undelivered (d) and the plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692g, 1692e(5) and 1692e(10).

52.    Class B consists of all persons whom Defendant's records reflect resided in New York and were left a telephonic message from defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone messages were placed to a service where the consumer was charged for the calls without knowing the collections purpose, and (c) that the telephone messages were in violation 15 U.S.C. § 1692f(5).

53.   Class C consists of consumers who received the telephonic message, as did the plaintiff which was overheard by an unauthorized third party and that the

telephone message was in violation 15 U.S.C. 1692 §§ 1692c(b).

54. Class D consists of all persons whom Defendant's records reflect resided in New York and whose neighbor, or similar party or even someone other than a spouse within the debtor's home answered a telephone call from defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone call was placed to a the consumer's home or similar party seeking payment of a consumer debt by leaving a message with a third party directing the consumer to call the defendant; and (c) that the telephone messages were in violation 15 U.S.C. 1692 §§ 1692c(b) and 1692d.

55. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

56. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

57. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

58. Collection letters and telephonic messages, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

59. The defendant's use of the language violates the Fair Debt Collection Practices Act.

60. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

21

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in her favor and on behalf of the members of the class, and against the defendant and award damages as follows:

      (a)    Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

      (b)    Attorney fees, litigation expenses and costs incurred in bringing this action; and

      (c)    Any other relief that this Court deems appropriate and just under the circumstances.

## AS AND FOR A SECOND CAUSE OF ACTION

### *Violations of the Telephone Consumer Protection Act brought by plaintiff*

61.    Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-8 as if set forth fully in this Cause of Action.

62.    The defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by initiating thirteen (13) telephone calls to the plaintiff's wireless telephone number using an artificial and/or pre-recorded voice to deliver messages without having the consent of the plaintiff to leave such messages.

63.    Defendant has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal automatic dialers, predictive dialers, and/or pre-recorded messages that have been unleashed against plaintiff by defendant.

64. There is no exception or justification for the numerous violations of the TCPA by defendant as plaintiff has not consented to the use of the wireless telephone number at issue where the plaintiff was charged for each call.

65. Each call is a separate violation and entitles plaintiff to statutory damages against defendant in the amount of $500.00 per call.

66. Plaintiff asserts that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call. 47 U.S.C. § 227(b)(3).

67. All actions taken by Defendant were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the TCPA and/or that knew or should have known that its actions were in reckless disregard of the TCPA. Courts have found collection agencies have willfully or knowingly violated the TCPA simply by calling any plaintiff on his/her cell phone using a pre-recorded voice, regardless of whether it knew it was violating the law. (*Sengenberger v. Credit Control Services, Inc.*, 2010 U.S. Dist. LEXIS 43874)

### *Violations of the Telephone Communications Privacy Act*

68. The FCC did not intend to exempt automated collection calls from the requirements of 47 C.F.R. 64.1200(b)(1), even if consent was given in the case where the debt collector failed to leave the legal name of the company. (Sengenberger v. Credit Control Services, Inc., 2010 U.S. Dist. LEXIS 43874)

69. The actions of the defendant violate the TCPA.

70. Because the defendant intentionally violated the TCPA, the plaintiff is entitled to damages in accordance with the TCPA namely $1500 for each call where the defendant failed to obtain prior consent from the plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against the defendant and award damages as follows:

        (a) Statutory damages provided under the TCPA and injunctive relief;

        (b) Any other relief that this Court deems appropriate and just under the circumstances.

## AS AND FOR A THIRD CAUSE OF ACTION

71. Plaintiff restates and realles paragraphs 1-38 as if fully set forth herein.

72. The defendant's conduct by attempting to collect monies owed when it was not allowed pursuant to New York Limited Liability Company Law constitutes deceptive or materially misleading activity that is directed at consumers and the public at large and caused consumers to suffer financial injuries of having increased debts and paid monies where the defendant was not legally able to attempt to collect upon such debts.

73. Plaintiff brings this cause of action on behalf of all New York consumers who suffered emotional distress or financial loss due to the defendant's collection practices for the past three years up to the date of the filing of the within complaint.

74. Plaintiff asserts that all elements of class certification are satisfied.

WHEREFORE, plaintiff respectfully requests that the Court enter judgment as follows:

        (1)     Statutory damage and actual damages,

24

(2)   Disgorgement of any monies collected by defendant from
three years prior to the filing of the complaint up to the date
of the filing of the complaint,

(3)   Injunctive relief against the defendant,

(4)   Attorney's fees, litigation expenses and costs of suit,

(5)   Such other and further relief as the Court deems just and
proper.


Dated: Cedarhurst, New York
March 14, 2012

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411


Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein  (AF-9508)